LILLIAN GEABER *vs.* WAKEFIELD TRUST COMPANY,

*Adm'r d.b.n.*

DECEMBER 9, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for the appointment of an administratrix *de bonis non* of the estate of Nicholas F. Geaber. Emma I. Geaber, his widow, was originally appointed administratrix and upon her death, the estate of her husband not having been fully administered, the appellant, a daughter of Nicholas F. and Emma I. Geaber, filed a petition in the probate court of the town of Narragansett for her own appointment, as successor to her mother, as administratrix *d.b.n.* of the estate of her father.

Her petition was opposed by Geraldine E. Barnes of Rantoul, Illinois, another daughter, on the ground that a disinterested person should be appointed, because Mrs. Geaber had filed a claim of approximately $25,000 against the estate of her husband which had not yet been acted upon by the probate court. Mrs. Geaber left a will under which her estate was to be divided equally between appellant and a son by a previous marriage, to the exclusion of

her other daughter Mrs. Barnes. In these circumstances the latter contended that her sister, the appellant, would not be inclined to oppose her mother's claim against the estate of her father, since such claim if allowed would deplete his estate entirely so that she, Mrs. Barnes, would inherit nothing whereas appellant's inheritance would be unaffected, since she was entitled to one half of the estate of each parent.

The probate court by final decree dated September 20, 1948 appointed Wakefield Trust Company of South Kingstown as administrator *d.b.n.* and recited therein that appellant was an unsuitable person to serve in such capacity. From that decree the appellant appealed to the superior court. The cause was heard in that court *de novo* and evidence was presented by appellant to show that she was both suitable and competent; that for the past seven years she had been employed at the naval base at Quonset, Rhode Island, either as fiscal accounting clerk at the yards and docks supply depot or in her present position as stores accounting supervisor; that upon the appointment of the Wakefield Trust Company as administrator *d.b.n.* of the estate of Nicholas F. Geaber she had, with the consent and by appointment of the bank, taken over the affairs and management of said estate and had acted generally as its agent with respect thereto, with the exception of the bank account and mortgages.

Appellant's petition for appointment as administratrix *d.b.n.* was again opposed in the superior court by her sister Mrs. Barnes on the same grounds advanced by her in the probate court. No evidence was produced to show lack of competency or unsuitability but objection was made in behalf of Mrs. Barnes by her attorney that appellant's interest under her mother's will might militate against the proper protection of her father's estate with relation to the unadjudicated claim of her mother.

At the conclusion of the testimony the trial justice made the following observation: "It seems to this Court that it

is the Court's duty at times to have in mind not only legal rights of parties but to have in mind social rights of parties." He further stated: "The Court finds that while appellant Lillian Geaber is perhaps mentally and morally qualified to handle the estate, that there are certain involvements in the estate, certain conflicting interests which require that someone else be appointed, and which when considered by the Court lead the Court to the conclusion that because of the delays in the settlement of the father's estate and because of the conflicting claims, Lillian Geaber, who otherwise would be a suitable person ceases to be a suitable person to be the administratrix d. b. n." From his decision appointing Wakefield Trust Company administrator *d.b.n.*, appellant duly filed her exceptions to this court.

It seems clear from the above statement of the trial justice that he did not decline to appoint appellant on any evidence of incompetency or unsuitability except in so far as delay in the settlement of the father's estate or the fact that there was an unadjudicated claim of her mother's estate against the estate of her father would stamp appellant as an unsuitable person. As to the delay in settlement of her father's estate, the answer is that such delay was not the responsibility of the appellant but of her mother; and that as to the existence of a claim of the estate of her mother against her father's estate, all interested parties would be properly protected by reason of the provisions of general laws 1938, chapter 578, §10, which provide: "If an executor or administrator shall file a claim which he had against the testator or intestate in his lifetime, the probate court shall examine and determine such claim."

Since Mrs. Geaber had filed her claim against her husband's estate at a time when she was administratrix thereof, such claim would have to be examined and determined by the probate court in accordance with the above provisions, and any person aggrieved by the decision and decree of the probate court thereon would have the right to appeal to the superior court. Thus the rights of Mrs. Barnes, who

objected to the appointment of the appellant as administratrix *d.b.n.,* would be fully protected. Furthermore, the appellant was not named as executrix of her mother's will and consequently the executor therein named and not the appellant would have the duty of prosecuting the claim of Mrs. Geaber against her husband's estate.

The authority of the probate court to appoint an administrator *d.b.n.* is contained in G. L. 1938, chap. 575, §10. The language of this section is identical with that of G. L. 1923, chap. 363, sec. 12, which was construed by this court in *Hennessey* v. *Meehan,* 58 R. I. 104. In that case it was held that the appointment of a nephew of a deceased wife, as administrator *d.b.n.* of her estate, where the surplus of her estate went to the estate of her husband and the nephew had no right in the property to be administered, was unsuitable, and that as a general rule the right to the administration of the effects of an intestate follows the property in them.

In construing the statute then in force, the court said that the probate court is free to exercise its judicial discretion in appointing an administrator *d.b.n.* bearing in mind, however, "that the statute contemplates that the person to be appointed shall be not only competent to perform the duty, but also suitable in view of his situation or relation to the estate." This construction is consistent with the long-established principle of our law of administration that the right to administer follows the right to inherit which was laid down in *Emsley* v. *Young,* 19 R. I. 65, and affirmed in *Fortin* v. *Tanguay,* 75 R. I. 102.

In the instant case, applying the principles of law above referred to, we are of the opinion that the appointment of the Wakefield Trust Company, which has no right in the property to be administered, was improper. We are of the further opinion that appellant's competency and suitability have been established by the record, and since she is the only next of kin seeking the appointment she is entitled

to be appointed administratrix *d.b.n.* The appellant's exception, therefore, is sustained.

The appellee may appear before this court on December 19, 1949 to show cause, if any it has, why the case should not be remitted to the superior court with direction to enter a decree reversing the decree of the probate court and appointing Lillian Geaber administratrix *d.b.n.* of the estate of Nicholas F. Geaber.

*C. Bird Keach,* for appellant.

*Gardner, Day & Sawyer, Edward W. Day, Hayden L. Hankins,* for appellee.

